IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BILLY BUCKALEW, Individually and as
Personal Representative of the Heirs and
Beneficiaries of Jerry Buckalew, Deceased                          PLAINTIFF

v.                                         CAUSE NO. 3:13CV189-LG-JCG

SCHNEIDER NATIONAL CARRIERS,
INC., and RHOAN HUDSON                                            DEFENDANTS

## MEMORANDUM OPINION AND ORDER GRANTING THE DEFENDANTS' MOTIONS FOR PARTIAL SUMMARY JUDGMENT

**BEFORE THE COURT** are the defendants' Motion for Partial Summary Judgment on Punitive Damages [92] and Motion for Partial Summary Judgment on Certain Economic Damage Claims [96]. The plaintiff, Billy Buckalew, filed a response in opposition to the Motion concerning punitive damages, but he did not file a response to the Motion concerning economic damages. After reviewing the submissions of the parties and the applicable law, the Court finds that the Motions for Summary Judgment should be granted.

## FACTS

On March 2, 2011, Harold Buckalew was driving a 1996 Buick Century in the right-hand lane of Interstate 20, while traveling west. (Am. Compl. at 3, ECF No. 14; Defs.' Reply, Ex. A at 7-8, ECF No. 136-2). Harold's brother, Jerry, was riding in the front passenger seat of the Buick. (Defs.' Reply, Ex. B at 7, ECF No. 136-2). A tractor-trailer driven by Rhoan Hudson on behalf of Schneider National Carriers was also traveling west on Interstate 20, approaching the Buckalew vehicle from behind. (Am. Compl. at 3, ECF No. 14). The tractor-trailer and Buick were

involved in a collision as Hudson attempted to pass Buckalew.  The parties dispute which vehicle left its proper lane of travel and caused the accident.  Jerry Buckalew died on October 21, 2011.  The parties also disagree over whether the accident caused Jerry's death.

Billy Buckalew, the brother of Harold and Jerry, filed this lawsuit against Hudson and Schneider on behalf of Jerry's heirs, alleging negligence and negligence per se.  Harold was also initially a party to this lawsuit, but his claims were dismissed pursuant to the agreement of the parties on May 15, 2014.  The defendants have filed two motions seeking partial summary judgment as to the damages sought by Billy on behalf of Jerry's heirs.

## DISCUSSION

A motion for summary judgment may be filed by any party asserting that there is no genuine issue of material fact and that the movant is entitled to prevail as a matter of law on any claim.  Fed. R. Civ. P. 56.  The movant bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted.  *Celotex Corp.*, 477 U.S. at 324-25.  The non-movant may not rest upon mere allegations or denials in its pleadings but must set forth specific facts showing the existence of a genuine issue for trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986).

### I. MOTION FOR PARTIAL SUMMARY JUDGMENT ON PUNITIVE DAMAGES

The Mississippi Court of Appeals has explained, "Mississippi law does not favor punitive damages; they are considered an extraordinary remedy and are allowed 'with caution and within narrow limits.'" *Ill. Cent. R. Co. v. Young*, 120 So. 3d 992, 1013-14 (¶62) (Miss. Ct. App. 2012) (quoting *Warren v. Derivaux*, 996 So. 2d 729, 738 (¶27) (Miss. 2008)). Pursuant to statute, punitive damages can only be awarded when the plaintiff proves "by clear and convincing evidence that the defendant . . . acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud." *Id.*; *see also* Miss. Code Ann. § 11-1-65(1)(a).

The plaintiff claims that Jerry's heirs are entitled to recover punitive damages, because Hudson admitted that he failed to reduce his speed while driving through a construction zone when the accident occurred. However, this is incorrect; Hudson actually denied that the accident occurred in a construction zone. (Pl.'s Mot., Ex. A at 61, ECF No. 130-1). Hudson also testified that there were no signs informing him of a lower speed limit due to construction in the area. (*Id.* at 64). The police officer who investigated the accident noted in the police report that the accident occurred in a construction zone, but he later testified under oath that the area was not a construction zone. (Pl.'s Mot., Ex. B, ECF No. 130-2; Defs.' Reply, Ex. A at 59, ECF No. 136-1). Furthermore, Harold Buckalew testified that there was no construction in the area, and Billy's Amended Complaint states that there

was no construction in the area. (Defs.' Reply, Ex. B at 9, ECF No. 136-2). Nevertheless, even if the accident had occurred in a construction zone, Hudson's conduct in failing to reduce his speed is tantamount to simple negligence.[1]

In addition, the plaintiff alleges that punitive damages should be awarded, because Hudson moved into the lane in which the Buckalew vehicle was traveling. The parties dispute which vehicle left its proper lane of travel, but even if Hudson improperly moved into the Buckalew's lane, there is no evidence that his action was anything more than simple negligence for which punitive damages cannot be awarded.

The plaintiff also claims that Hudson's conduct was reckless and grossly negligent, because he failed to immediately stop his vehicle and check on the Buckalews after the accident. Hudson testified at his deposition that, after the accident, he brought his vehicle to a safe stop. (Pl.'s Resp., Ex. A at 46, ECF No. 130-1). Hudson then exited the vehicle and ran toward the Buckalew vehicle, but he was stopped by two off-duty sheriff's officers who told him to move his truck to another location. (*Id.* at 70-71, 102-03). After Hudson moved his truck, he again exited the vehicle, but he was stopped by the investigating officer who questioned him and asked for his driver's license, registration, and proof of insurance. (*Id.* at 103-04). The plaintiff has not produced any evidence or testimony that contradicts Hudson's testimony that he was prevented from checking on the Buckalews.

---

[1] Hudson's speed is unknown, but the parties do not appear to dispute that he was traveling between sixty-two and seventy miles per hour on the interstate.

Therefore, this claim also lacks merit.

The plaintiff argues that Hudson's conduct was grossly negligent, because he failed to engage his brakes even after the initial impact with the Buckalew vehicle. Hudson's admission that he did not brake right after the initial impact is troubling, but all of his other actions, which have not been controverted, indicate that this initial failure to brake was merely simple negligence, as opposed to reckless conduct in disregard for the Buckalews' safety. There is no evidence currently before the Court that Hudson was exceeding the speed limit, and after the accident, he testified that he brought his truck to a safe stop and then attempted to run toward the plaintiffs, so that he could check on them. These actions do not rise to a level of reckless disregard.

Finally, it should be noted that the plaintiffs cannot recover punitive damages from Schneider, because a punitive damages claim cannot be based on vicarious liability. *See Dinger v. Amer. Zurich Ins. Co.*, No. 3:13cv46-MPM-SAA, 2014 WL 580889 at *4 (N.D. Miss. Feb. 13, 2014); *Roberts v. Ecuanic Exp., Inc.*, No. 2:12cv84-KS-MTP, 2012 WL 3052838 at *3 (S.D. Miss. July 25, 2012). Therefore, Schneider is entitled to summary judgment as to the plaintiff's demand for punitive damages.

## II.  MOTION FOR PARTIAL SUMMARY JUDGMENT ON CERTAIN ECONOMIC DAMAGES

The defendants seek partial summary judgment as to the following claims for damages alleged as a result of Jerry's death: lost wages, loss of wage-earning

capacity, loss of services, and the present net-cash value of life expectancy. In support of their Motion, the defendants argue that no evidence has been produced that supports these claims for damages. The defendants also seek summary judgment as to the demand for attorneys' fees and expenses. As explained previously, Billy did not file a response in opposition to the motion.

At his deposition, Billy testified that Jerry was disabled and unemployed at the time of the accident. (Defs.' Mot., Ex. B at 12, ECF No. 96-2). Jerry and Harold frequently moved from place-to-place in the years preceding the accident, and Billy and other relatives often did not know where Jerry and Harold were located. (*Id.* at 8, 11). To Billy's knowledge, Jerry never married, and he had no children. (*Id.* at 8). No evidence or expert testimony has been produced as to the present cash value of Jerry's life expectancy or the value of any services lost as a result of Jerry's death.

The plaintiff has the burden of proving the amount of damages suffered. *Jackson HMA, LLC v. Morales*, 130 So. 3d 493, 499 (¶20) (Miss. 2013); *J.K. v. R.K.*, 30 So. 3d 290, 299 (¶34) (Miss. 2009). "Damages . . . must be proven to a reasonable certainty and must not place the injured party in a better position than [he] otherwise would have been in." *Id.* (quoting *Polk v. Sexton*, 613 So. 2d 841, 845 (Miss. 1993)). Since Billy has not produced any evidence supporting his claims for the economic damages specified above, he cannot sustain his burden of proof. Therefore, the defendants are entitled to partial summary judgment.

The Court further finds that Billy's claim for attorneys' fees and expenses

should be dismissed. *See Entergy Miss., Inc. v. TCA Cable Partners*, 22 So. 3d 284, 291 (¶25) (Miss. Ct. App. 2009) ("[U]nless there is a contractual provision or statutory authority providing for attorney fees, they may not be awarded as damages unless punitive damages are also proper.")

## CONCLUSION

For the foregoing reasons, the Court finds that the defendants' Motions for Partial Summary Judgment should be granted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the defendants' Motion for Partial Summary Judgment on Punitive Damages [92] and Motion for Partial Summary Judgment on Certain Economic Damage Claims [96] are **GRANTED**.

**SO ORDERED AND ADJUDGED** this the 19th day of August, 2014.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE